**header omitted below**

Case 1:12-cv-03051-MJG   Document 175   Filed 11/16/12   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOROTHY A. LETCHER et al.

Plaintiffs,

v.                                    Civil Case No.: MJG-12-3051

ALCATEL-LUCENT USA, INC., et al.

Defendants.

**MEMORANDUM OPINION**

Plaintiffs Dorothy and Bernard Letcher ("Plaintiffs") have sued Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") and other defendants, alleging that the defendants unlawfully exposed Plaintiffs to asbestos.[1]  This Memorandum Opinion addresses Foster Wheeler's Objections and Request for a Protective Order Pursuant to Plaintiffs' Notice of Videotaped Deposition of Corporate Representative of Foster Wheeler Energy Corporation and Second Request for Production of Documents ("request"), ECF No. 106-174, and the opposition thereto.  A hearing is unnecessary in this case.  *See* Local Rule 105.6 (D. Md. 2011).   For the reasons stated herein, Foster Wheeler's request for a protective order is denied.

On September 14, 2012, Plaintiffs served Foster Wheeler with a Notice of Videotaped Deposition of Foster Wheeler's corporate representative, and a request for production of documents ("Plaintiffs' Notice").  ECF No. 106-176. On September 20, 2012, counsel for Foster Wheeler sent Plaintiffs' counsel a letter objecting to Plaintiffs' Notice.  ECF No. 106-177.

---

[1] This case has been referred to me by Judge Garbis to resolve discovery disputes and related scheduling matters.  ECF No. 167.

Specifically, Foster Wheeler noted that there has been no testimony regarding Foster Wheeler's liability in this case, and that the seventy-three matters of inquiry and twelve document requests were "all burdensome and overly broad." *Id.* Plaintiffs' counsel responded on September 21, 2012, indicating that Plaintiffs were willing to postpone the noticed deposition if Foster Wheeler provided information regarding what equipment, if any, it supplied to PEPCO's Morgantown or Chalk Point sites.[2]  ECF No. 122-1.  Foster Wheeler responded on September 24, 2012, requesting that Plaintiffs dismiss Foster Wheeler from the case due to the "apparent dearth of evidence" against Foster Wheeler.  ECF No. 106-177.  Foster Wheeler then filed the instant motion on October 5, 2012.  ECF No. 106-174.

Pursuant to Md. Rule 2-403, the court may grant a protective order if necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  In Maryland, discovery rules must be construed liberally, and protective orders are only meant to be utilized in limited circumstances. *Tanis v. Crocker*, 678 A.2d 88, 95 (Md. Ct. Spec. App. 1996).  To this end, the party seeking a protective order "has the burden of making a particular and specific demonstration of fact, as distinguished from general, conclusory statements, revealing some injustice, prejudice, or consequential harm that will result if protection is denied." *Id.*; *see also Adams v. Sharfstein*, Civil Case No. CCB-11-3755, 2012 WL 2992172, at *2 (D. Md. July 19, 2012) (holding that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing" in a motion for a protective order).  Foster Wheeler has not met this burden.

Foster Wheeler notes that Plaintiffs' Notice includes seventy-three (73) areas of inquiry and twelve (12) document requests, and asserts that the Notice is "harassing, overly-broad,

---

[2] Mr. Letcher allegedly worked at these sites, and was allegedly exposed to asbestos at such sites. *See* Compl. ¶ 3.

unduly burdensome, and unrelated to this case." ECF No. 106-174. Foster Wheeler further argues that because there has been no mention of its products in interrogatories and depositions, Plaintiffs' Notice is "obvious[ly] . . . only for the purposes of harassment." *Id.* However, Foster Wheeler rests on these conclusory assertions, and fails to provide any explanation of how Plaintiffs' Notice is harassing, overly-broad, unduly burdensome, or unrelated to this case. Moreover, Foster Wheeler's argument that there has been "no identification or testimony regarding Foster Wheeler" is inapposite. Foster Wheeler is a party to this litigation, and as a party, it is subject to proper discovery requests for relevant evidence. If Foster Wheeler wishes to challenge the sufficiency of Plaintiffs' Complaint, or of the evidence connecting it to Plaintiffs' injuries, it may certainly file a motion to dismiss or for summary judgment. However, such an argument in this context is misplaced.

Foster Wheeler has also failed to delineate the scope of the protective order it seeks. Md. Rule 2-403(a) provides courts with a wide variety of options to adequately protect a party from whom discovery is sought. For example, courts may order that discovery not be had, that discovery may be had only on specified terms or conditions, or that certain matters may not be inquired into. Md. Rule 2-403(a). This Court will not speculate as to which form of relief Foster Wheeler seeks, but Foster Wheeler's apparent request to be free from all discovery lacks merit.

In addition, although Plaintiffs' Notice identifies a large number of areas of inquiry, the inquiries appear to be relevant to Plaintiffs' case against Foster Wheeler. For example, Plaintiffs seek information regarding what Foster Wheeler knew about the hazards of asbestos, whether Foster Wheeler's products were present at Mr. Letcher's work sites, and whether Foster Wheeler conducted or participated in studies of asbestos products. *See* ECF No. 122-1. Plaintiffs' document requests largely mirror its areas of inquiry in a condensed form. *See id.* Because

Plaintiffs seemingly seek relevant information, there is no information before this Court tending to show that a protective order is necessary to avoid harm or injustice.

Last, Foster Wheeler failed to confer in good faith with Plaintiffs prior to filing its motion. Pursuant to Md. Rule 2-431 and Local Rule 104.7, parties must attempt to resolve discovery disputes in good faith before involving the courts. Foster Wheeler has filed a Certificate, attaching letters it sent and stating that it "stands ready to discuss the issues." ECF No. 106-174. However, before Foster Wheeler filed the instant motion, Plaintiffs indicated that they are willing to postpone the deposition of Foster Wheeler's representative if Foster Wheeler provides information regarding whether it furnished equipment to PEPCO's Morgantown or Chalk Point sites. ECF No. 122-1. Given the broad nature of Plaintiffs' claims, Plaintiffs' offer to narrow the scope of discovery to two specific sites where Mr. Letcher worked is logical and highly reasonable, especially because Plaintiffs have the right to depose and request documents from Foster Wheeler on any topic relevant to the litigation. Instead of conferring with Plaintiffs to try to resolve the dispute, Foster Wheeler wrote a letter summarily requesting that Plaintiffs dismiss its claims against Foster Wheeler, and then filed the instant motion with the Court. Given the circumstances, Foster Wheeler failed to confer in good faith with Plaintiffs before involving the court. For all of the above reasons, Foster Wheeler has failed to meet its burden, and its request for protective order is denied.

An implementing order is entered herewith.

Dated: November 16, 2012                /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge