IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOROTHY and BERNARD LETCHER      *

     Plaintiffs      *

    vs.      *      CIVIL ACTION NO. MJG-12-3051

AC and S, INC., et al.      *

    Defendants      *

* * * * * * * * *

MEMORANDUM AND ORDER RE: MOTION TO REMAND

The Court has before it Plaintiffs Dorothy and Bernard Letcher's Motion for Remand [Document 142], and the materials submitted relating thereto.  The Court has held a hearing and has had the benefit of the arguments of counsel.

A. Background

On May 11, 2011, Plaintiffs Dorothy and Bernard Letcher ("Plaintiffs") sued Defendant Ford Motor Company ("Ford") and more than twenty other defendants in the Baltimore City Circuit Court alleging that the defendants unlawfully exposed Plaintiffs to asbestos-containing products.

On October 15, 2012, Ford timely[1] filed a Notice of Removal [Document 1] and removed the instant matter to federal court pursuant to Sections 1441 and 1446 of Title 28 of the United

---

[1] Ford asserts that it first became apparent that a basis to remove to federal court existed on September 14, 2012. Plaintiffs do not contest timeliness.

States Code on the basis of "federal enclave jurisdiction."  In
the Notice of Removal Ford states that Defendant John Crane,
Inc. ("Defendant Crane"), "is the only Defendant in this
proceeding that has not joined or consented to Ford's removal of
this case to federal court.  Defendant Crane, however, is only a
nominal Defendant in this action.  Its consent to this removal,
therefore, is not required under 28 U.S.C. § 1446(b)(2)(A)."
Notice of Removal [Document 1] ¶ 20.

By the instant motion, Plaintiffs seek remand of this
action to state court.  Specifically, Plaintiffs assert three
grounds for remand:

1.   No Defendant other than Ford effectively
     consented to, or joined in, Ford's Notice of
     Removal pursuant to 28 U.S.C. § 1446(a);

2.   Defendant Crane's failure to join or consent
     renders the Notice of Removal ineffective by
     virtue of 28 U.S.C. § 1446(b)(2)(A); and

3.   The court lacks federal subject matter
     jurisdiction.

As discussed herein, the Court finds that the case must be
remanded due to the failure of Defendant Crane to join in or
consent to removal, rendering moot Plaintiffs' other grounds for
remand.[2]

---

[2]   Plaintiffs contend that compliance with 28 U.S.C. § 1446(a)
requires each defendant to sign a filed document within the
meaning of Rule 11 of the Federal Rules of Civil Procedure.
This contention raises reasonably debatable issues.  The Court
finds the contention moot in the instant case but notes that,

B.   Applicable Legal Principles

A defendant may remove an action filed in state court to
federal court if the case could originally have been filed in
federal court and the procedural requirements of 28 U.S.C. §
1446 are satisfied.  28 U.S.C. § 1441(a); see also Darcangelo v.
Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002);
Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 435-36 (W.D.
Va. 1990).  "[D]oubts regarding compliance with removal
provisions must be resolved in favor of remanding the case to
state court."  Sharp v. Virginia, 3:09CV834, 2010 WL 1640264, at
*3 (E.D. Va. Apr. 22, 2010) (internal quotations omitted).

The "rule of unanimity" under 28 U.S.C. § 1446(b)(2)(A)
generally requires that all defendants who have been properly
joined and served must join or consent to removal.  See
Chaghervand v. CareFirst, 909 F. Supp. 304, 308 (D. Md. 1995).
However, by virtue of a judicially created exception a co-
defendant present in the case as a mere "nominal party" need not
consent.  Creed v. Virginia, 596 F. Supp. 2d 930, 934 (E.D. Va.
2009).  The party seeking removal bears the burden of "proving
that the objecting [or non-consenting] party is merely nominal."
Id.

---

until the matter is resolved definitively, it would be wise for
removing parties to avoid the issue if possible.

C.   <u>Nominal Party</u>

Ford has failed to adequately establish that Defendant

Crane is a "nominal party" in the instant case.

The Fourth Circuit has not stated a definition of "nominal

party" for removal purposes.  <u>See</u> <u>Saltillo v. Aramark Healthcare</u>

<u>Support Servs., LLC</u>, CIV. W.D.-11-0550, 2011 WL 3651048, at *2

(D. Md. Aug. 16, 2011).  District courts in this circuit have

stated various formulations of the attributes of a "nominal

party," for example:

1.   Whether "the court would be able to enter a final
     judgment in favor of the plaintiff in the absence
     of the [the putative nominal] defendant, without
     otherwise materially circumscribing the relief
     due."  <u>Blue Mako, Inc. v. Minidis</u>, 472 F. Supp.
     2d 690, 696 (M.D.N.C. 2007).

2.   Whether "looking at the facts of the case as they
     appear at the preliminary stage of a petition for
     removal, the party in question is in some manner
     genuinely adverse to the plaintiff." <u>Creed v.</u>
     <u>Virginia</u>, 596 F. Supp. 2d 930, 935 (E.D. Va.
     2009).

3.   Whether "there is any legal possibility for
     predicting that [the putative nominal party] may
     be held liable." <u>Allen v. Monsanto Co.</u>, 396 F.
     Supp. 2d 728, 733 (S.D.W. Va. 2005).

Circuits other than the Fourth, have defined a "nominal

party" in various ways.  For example:

1.   Whether "there is no possibility that the
     plaintiff would be able to establish a cause of
     action against the non-removing defendants in

4

state court." <u>Farias v. Bexar Cnty. Bd. of Trs.</u>
<u>for Mental Health Mental Retardation Servs.</u>, 925
F.2d 866, 871 (5th Cir. 1991) (internal
quotations omitted).

2.    Whether "there is no reasonable basis for
      predicting that [the putative nominal party] will
      be held liable." <u>Shaw v. Dow Brands, Inc.</u>, 994
      F.2d 364, 369 (7th Cir. 1993) <u>holding modified on</u>
      <u>other grounds by</u> <u>Meridian Sec. Ins. Co. v.</u>
      <u>Sadowski</u>, 441 F.3d 536 (7th Cir. 2006).

3.    Whether the putative nominal party is one
      "against whom no real relief is sought." <u>Thorn v.</u>
      <u>Amalgamated Transit Union</u>, 305 F.3d 826, 833 (8th
      Cir. 2002) (internal quotations omitted).

In the current precedential climate, without a "nominal
party" definition endorsed by the United States Court of Appeals
for the Fourth Circuit, the Court finds guidance in the Fourth
Circuit's view of the standard for determining whether there has
been a fraudulent joinder in the diversity jurisdiction context.
The Fourth Circuit has held fraudulent joinder exists if "there
is no possibility that the plaintiff would be able to establish
a cause of action against the in-state defendant in state
court." <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th
Cir. 1999) (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d
229, 232 (4th Cir. 1993)).  "No possibility" in the fraudulent
joinder context does not require a federal court to predict how
a state court or jury would resolve legal issues and weigh
evidence nor a showing by any party of ultimate success on the
merits to defeat removal, "[r]ather, there need be only a slight

possibility of a right to relief" or a "glimmer of hope."  See
id. at 425-26.

Here, Ford sweepingly contends that Defendant Crane is a
nominal party because it is legally impossible for Plaintiffs'
to recover against it where discovery is closed and "no evidence
has been presented by the Plaintiffs that Mrs. Letcher was
exposed to an asbestos containing product manufactured or
supplied by John Crane."  Opp'n [Document 173] at 17.  In
support of this position, Ford points to a prior asbestos suit
filed by Plaintiffs[3] against a predecessor to Defendant Crane in
the late 1980s that Plaintiffs voluntarily dismissed on the
basis that discovery indicated an insufficient exposure, if any,
to Crane products.  However, in the instant lawsuit, Plaintiffs
have presented evidence relating to the type of products
produced by Defendant Crane (such as gaskets), the use of
Defendant Crane products at places where Mr. Letcher worked
(such as PEPCO), and the presence of Defendant Crane products in
the fields in which Mr. Letcher  performed automotive type
activities.[4]

---

[3]    In the prior lawsuit, Plaintiffs were represented by
different counsel.
[4]    Mrs. Letcher alleges exposure to asbestos through her own
work with the Chesapeake and Potomac Telephone Company and from
asbestos brought home on Mr. Letcher's work clothing that she
laundered.

As with a fraudulent joinder contention, a nominal party contention does not require (or, perhaps not even allow) the federal court to embark upon an in-depth investigation of the record evidence pertinent to Defendant Crane's liability to Plaintiffs or assume jurisdiction over Plaintiffs' claims for the purpose of weighing the evidence against Defendant Crane and making a full ruling on the merits.  See Barlow v. John Crane Houdaille, Inc., CIV WMN-12-1780, 2012 WL 5388883, at *2-3 (D. Md. Nov. 1, 2012).  This Court is not now deciding the pending Motion for Summary Judgment filed by Defendant Crane. Indeed, even if the Court were to conclude that it would grant the motion and award Defendant Crane summary judgment, that would not mean that Defendant Crane was a nominal party.   Rather the Court is deciding, on the record before it, whether there is at least a "slight possibility" or a "glimmer of hope" that Plaintiffs might prevail against Defendant Crane.  As shown herein, there is at least that level of viability, even if no more, to Plaintiffs' claims against Defendant Crane.

The Court finds that Ford has failed to demonstrate that Defendant Crane is a "nominal party" whose failure to consent to removal is immaterial.

D.    Conclusion

For the foregoing reasons:

    1.    Plaintiffs Dorothy and Bernard Letcher's Motion
       for Remand [Document 142] is GRANTED.

    2.    This action shall be remanded to the state court
       by separate order.

SO ORDERED, on Wednesday, November 28, 2012

                          /s/
                    Marvin J. Garbis
           United States District Judge